IRVINGTON MFG. CO. v. UTICA DROP FORGE & TOOL CO.

(Circuit Court of Appeals, Third Circuit. November 6, 1911.)

No. 1,524.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—WIRE-FENCE PLIERS.
    The White patent, No. 794,064, for a pliers for pulling wire-fence staples having two central teeth at the engaging ends of a raised rib, makes such rib an essential element of claim 1, which is not infringed by a device having no rib.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by the Utica Drop Forge & Tool Company against the Irvington Manufacturing Company. Decree for complainant, and defendant appeals. Reversed.

For opinion below, see 189 Fed. 619.

Geo. L. Wheelock, for appellant.

Martin and Jones, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, the Utica Drop Forge & Tool Company, the owner of patent No. 794,064, granted July 4, 1905, for fence-wire pliers, filed a bill against the Irvington Manufacturing Company charging infringement thereof. The lower court sustained the bill, and from the entry of a decree the Irvington Company appealed to this court. The question involved is the validity and construction of the claims in question. The device concerns tooth-pointed pliers for drawing wire-fence staples. The prior art was a well-

Fig. 11.

developed one and left a narrow field for inventive effort when the patent in suit was granted. Without citing the numerous prior devices, we content ourselves with referring to patent No. 545,537 to Russell granted September 3, 1895. Russell's device is shown in the accompanying figure, in which it will be noted there are pointed teeth at the outer corners of the registering jaws.

The complainant, making cylindrical the registering center of the jaws of this device, for many years made a commercially successful staple puller. In the device of patent No. 724,669 to Cottrell, April 7, 1903, the central portion of the jaws of a staple puller, as shown in the figure:

Fig. 3.

—is made pointed and is used for staple pulling.

In this state of the art White applied for his patent on the device here shown:

Fig. 1.

In it he utilizes the two exterior, pointed pulling teeth of Russell, and the central one of Cottrell, with this difference in Cottrell's tooth: That White placed on the cylindrical central faces of each of his pliers a raised rib, and at the engaging end of such ribs he located his central tooth, which is designated as 5 in his drawings. In his specification he says:

"On the broad face end of the jaw there is provided a raised or projecting surface or rib 4, which is substantially centrally located, and at the meeting ends of the ribs 4, on the respective jaws, there are also provided inwardly-projecting points or teeth 5 5, which are adapted to register with each other when the jaws are closed."

This point 5 he specifies and carries into claim 1 as follows:

"1. The combination in a pliers of a pair of similar jaws having transversely broad ends and joints or projections 3 3 at the outer corners of the jaws and 5 in the middle of the end, and outwardly standing from a direct line between points 3 3, substantially as set forth."

And into claim 2 as "having the projecting points 3 3 at the corners and 5 on the rib": and into claim 3 as "having opposing holding points on the meeting ends of the ribs projecting beyond the faces of the respective jaws."

Now the respondent's device has the two side and the one central staple pulling point of White's device; but as it has no rib, its central point is not rib-mounted. It is therefore contended by respondent the absence of a rib relieves it of the charge of infringement. After careful consideration we so hold.

In the first place, the use of a rib in White's device is not a preferred form, but is the only form disclosed, and the central tooth described in the specification and illustrated in his drawing is located at

.the apex of such rib and is specified by an individualizing numeral. When, therefore, this numeral-designated, projecting, rib-mounted point was carried into the claim, there was necessarily carried with it its described location at the apex of the rib, for if it did not the claim is descriptive of no disclosure made by the patent. Moreover, unless the claim is construed as restricted to a rib location, it is clearly invalid, for otherwise it would cover a device formed by merely placing Cottrell's center staple puller midway between Russell's two exterior ones. Apart from the question of this being a mere aggregation of nonco-operating elements, in that the central puller in no way cooperated with or was affected by the outside pullers—a question we do not now pass upon—it is clear that the union in one tool of these three well-known elements, all individually used in prior tools, was a mechanical and not an inventive act. If there was patentable novelty in White's device, it must be found in a combination in which the rib feature is an element, and we must carry the rib-mounted point into the first claim, if it is to be sustained. So construed, the claim is not infringed by the respondent's tool, which, as we have seen, has no rib.

The decree of the court below must therefore be reversed, with instructions to enter a decree, with costs, dismissing the bill for noninfringement.